107 F.3d 21
 97 CJ C.A.R. 244
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 OMI HOLDINGS, INC., Plaintiff-Appellant,
v.
John HOWELL, Defendant-Appellee.
 No. 94-3353.
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1997.
 
 ORDER AND JUDGMENT*
 Before BRISCOE and MURPHY, Circuit Judges, and JENKINS, District Judge.**
 OMI Holdings, Inc., appeals from a judgment in favor of John Howell. Pursuant to Kan. Stat. Ann. §§ 60-3201 through -3204, we certified several questions of state law to the Kansas Supreme Court. In light of the Kansas Supreme Court's response, OMI Holdings, Inc. v. Howell, 918 P.2d 1274 (Kan.1996), we affirm.
 OMI was the defendant in Manildra Mill. Corp. v. Ogilvie Mills, Inc., No. 86-2457-DES, a complex and protracted case in the United States District Court for the District of Kansas involving patent issues, antitrust violations, and pendent state law claims. The first trial resulted in a mistrial due to various conversations overheard among Howell, one of Manildra's expert witnesses, and several jurors. OMI subsequently moved to recover attorney fees incurred in the aborted trial. The district court denied the motion.
 OMI filed this action against Howell in the District Court of Shawnee County, Kansas, asserting causes of action for embracery, negligence, and fraud. Howell removed the case to the United States District Court for the District of Kansas. He then moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing OMI's complaint failed to state a claim upon which relief could be granted. More specifically, Howell argued Kansas did not recognize a civil cause of action for embracery, that he owed OMI no duty of care (i.e., to refrain from contacting jurors), and that he owed OMI no duty to disclose his contacts with the jurors. After acknowledging Kansas law controlled, the district court dismissed the case, concluding in part that (1) Kansas does not recognize a civil cause of action for embracery; (2) OMI's negligence action was merely an attempt to allege negligent embracery and, moreover, a witness owes an adverse party no duty to refrain from contacting jurors; and (3) as with its negligence claim, OMI's fraud action was merely an attempt to assert a "back-door" embracery claim and, moreover, an individual who commits embracery owes an adverse party no duty to disclose misconduct.
 OMI appealed, arguing generally that the district court erred in rejecting each of its claims against Howell. OMI also moved to certify questions of state law to the Kansas Supreme Court. We concluded certification was proper because there was no controlling Kansas case law and the Kansas Supreme Court's disposition of the questions submitted would "clearly control the outcome of this case." We submitted the following questions to the Kansas Supreme Court:
 (1) Whether Kansas law recognizes a civil cause of action for embracery against an expert witness who causes a civil jury case to end in a mistrial as a result of his contacts with jury members.
 (2) Whether Kansas law recognizes a civil cause of action for negligence against an expert witness who causes a civil jury case to end in a mistrial as a result of his contacts with jury members.
 (3) Whether Kansas law recognizes a civil cause of action for fraud against an expert witness in a civil jury case who has contacts with jury members and who either fails to reveal those contacts to, or attempts to conceal those contacts from, the court or the opposing party.
 The Kansas Supreme Court answered each question in the negative.
 From the Kansas Supreme Court's opinion, it is clear that Kansas does not recognize a cause of action for embracery, negligence, or fraud against an expert witness who causes a mistrial as a result of contacts with jurors; thus, OMI is unable to state claims for embracery, negligence, and fraud. More specifically, with respect to OMI's negligence claim, we read the Kansas Supreme Court's opinion to hold Howell owed no duty to OMI despite the objective foreseeability of the harm OMI suffered from his conduct because such a duty would place an "intolerable burden" on witnesses and deter them from testifying, and because it cannot be derived from Kan. Stat. Ann. § 21-3815. Therefore, we need not address how the policy concerns arising from Kansas' practice of joining phantom tortfeasors apply here.
 We AFFIRM the district court's dismissal of OMI's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.
 MARY BECK BRISCOE, Circuit Judge.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation